No. 23-15285

In The
# United States Court of Appeals for the Ninth Circuit

In re Google Play Store Antitrust Litigation

Mary Carr, et al. v. Google LLC, et al.

Interlocutory Appeal from the
United States District Court for the Northern District of California
No. 21-md-2981; No. 20-cv-5761
District Judge James Donato

**MOTION TO EXPEDITE ORAL ARGUMENT**

| | |
|---|---|
| Katherine B. Wellington<br>Hogan Lovells US LLP<br>125 High St., Suite 2010<br>Boston, MA 02110 | Neal Kumar Katyal<br>Jessica L. Ellsworth<br>Reedy C. Swanson<br>Danielle Desaulniers Stempel<br>Hogan Lovells US LLP<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>neal.katyal@hoganlovells.com |
| May 3, 2023 | *Counsel for Defendants-Appellants* |

*(Additional Counsel Listed on Signature Page)*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Defendants-Appellants state as follows:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Payment Corp. is a subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Commerce Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Ireland Limited is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Asia Pacific Pte. Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.,

a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

<u>/s/ Neal Kumar Katyal</u>
Neal Kumar Katyal

Defendants-Appellants (collectively, "Google") respectfully request expedited oral argument, the denial of any extension requests, and a decision in this matter, if possible, prior to the November 6, 2023 trial date that the District Court set in this multi-district litigation ("MDL"). This Court expedited the Rule 23(f) appeal in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), in similar circumstances, and it should do so here.

In this antitrust class action, the District Court certified a class of 21 million consumers seeking more than $1 billion in damages related to purchases of apps and app-related content in the Google Play store. As Google explained in its Rule 23(f) petition, the District Court's class certification order failed to rigorously analyze the extent to which the class contains uninjured class members, certified a class based on a flawed expert model, and failed to analyze whether individualized issues with respect to damages predominated. This Court granted Rule 23(f) review, with briefing underway before the Court.

Even as the Rule 23(f) appeal is moving forward in this Court, the District Court held fast to its plan to try multiple claims in this MDL in November 2023. *See* ECF 447.[1] The MDL includes claims brought by 39 attorneys general on behalf of consumers in their jurisdictions and four individual consumers from those

---

[1] Unless otherwise specified, ECF references are to the multidistrict litigation docket, No. 3:21-md-02981-JD (N.D. Cal.).

1

States who are represented by the same counsel as the consumer class from the remaining States. Those plaintiffs rely on the same injury and damages model under review in this appeal. It also includes claims brought by two app developers, Epic Games, Inc. and Match Group, LLC.

Because of the extent of the overlap in the various plaintiffs' claims—including that the consumer class, the States, and the individual consumers rely on the same flawed expert testimony at the heart of this appeal—Google requested that the District Court defer trial until this Court resolved the Rule 23(f) appeal. On April 20, 2023, however, the District Court denied Google's request and stated that a trial will proceed as scheduled this November: "[T]rial is happening, regardless of what Rule 23(f) proceedings may be going on . . . ." 4/20/23 Hearing Tr. at 8-9. The District Court ordered the parties to meet, "hash out the schedule" for trial, and submit a joint proposal as to which parties will proceed in the November 6 trial. *Id.* at 10. And "no matter what," "one, two, or three" groups of plaintiffs will proceed at that trial. *Id.* at 15. The plaintiff States and individual consumers have taken the position that their claims should be tried on November 6 even if the consumer class plaintiffs' claims will await trial pending disposition of this appeal.

Briefing in this appeal is scheduled to be completed on July 31, 2023. There is thus a significant risk that a trial will occur before this Court decides the merits

2

of the issues involved in this appeal, including the validity of the consumer class's injury and damages model that is the basis for the States' and the individual consumers' claims of injury and damages too.[2] That would be problematic because this Court's resolution of this appeal will profoundly affect those claims as well. The States, who have entered into a joint prosecution agreement with the consumer class plaintiffs to pursue similar claims, rely on the exact same expert evidence in their attempt to prove that consumers within their borders suffered the same antitrust injury as the consumer class, as do the four individual consumers from those States who are plaintiffs. No matter the resolution, those issues will bear on any trial of the States' and individual consumers' claims.

Because parties are on course for trial in November, Google requests an order expediting oral argument to the August 21-25, 2023 session pursuant to 28 U.S.C. § 1657(a) and Circuit Rule 27-12. Google is not requesting the briefing time for either side to be truncated. Rather, Google merely asks that the Court clarify that it will not entertain motions to alter the existing briefing schedule. In addition, Google requests that the Court issue a decision prior to the November 6, 2023 start of trial, if possible.

---

[2] Based on this Court's guidance on the timing of argument and decision, an opinion is unlikely to be issued before November 2023. *See* U.S. Court of Appeals for the Ninth Circuit, Frequently Asked Questions #17 and 18 (updated Jan. 2023), https://www.ca9.uscourts.gov/general/faq.

Good cause exists to expedite argument. A longer timeline will risk irreparable harm, undermine Google's interlocutory appeal right, and deprive the parties of key guidance on cross-cutting issues. *See* Circuit Rule 27-12. Expediting argument offers an immediate opportunity to at least mitigate those concerns, and this Court has the flexibility to do so now before the August argument calendar fills up.

1. A trial on any claims prior to a decision from this Court will risk extraordinary inefficiency. Specifically, it would give rise to the "one-way intervention" problem Rule 23 was amended to prevent. Whether Google wins or loses at trial would influence class members' opt-out decisions, *see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974), and would give rise to "strikingly unfair" consequences, *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) (citation omitted). It would raise concerns about "allow[ing] members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Am. Pipe*, 414 U.S. at 547. A future plaintiff "could sue and lose; another could sue and lose; and another and another until one" prevails, and all future plaintiffs ride on the preclusive effect of that "single success." *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (citation omitted). The District Court recognized this problem would risk a "death by a thousand cuts," but pressed forward anyway.

4

4/20/23 Hearing Tr. at 12. And counsel for the consumer class appear to have seized that strategic opportunity, seeking to have individual consumers' claims tried in November. Google would have no mechanism to recover the "waste of time and resources" that would follow. *E.g.*, *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019). This Court should expedite its decision to prevent any such gamesmanship and stave off irreparable harm.

    2. The one-way intervention problem will also undermine Google's appeal. Ordinarily, class members are given a chance to opt out "*before* the parties are aware of the district court's judgment on the merits." *Schwarzschild v. Tse*, 69 F.3d 293, 296 (9th Cir. 1995). Now, that opportunity will likely occur *after* a very similar merits judgment, absent expedited argument. Taking the District Court's commitment to a November trial as a given, that sequencing problem arises *solely because* this Court granted Google's appeal. An interlocutory appeal should not come with such costly consequences. *See Gray v. Golden Gate Nat'l Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (finding irreparable harm where 23(f) appeal was rendered "meaningless" (citation omitted)).

    3. Answering the questions in this appeal prior to the November trial will provide essential guidance to the parties. By granting Google's Rule 23(f) petition, this Court has already concluded that this is a "rare" instance where "interlocutory

5

review is preferable to end-of-case review." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) (per curiam). Those questions touch all cases proceeding below. This Court's views on the appropriate evidence to show antitrust injury in this situation also could affect the way all plaintiffs attempt to prove such injury at trial. Because the Play Store operates as a two-sided market that brings together users and developers, even developer plaintiffs Epic and Match—who represent *one* side of the market—need to account for effects on users on the *other* side of the market to "accurately assess competition." *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2287 (2018). Whether the injury model at issue in this appeal reliably shows consumer harm may bear on that analysis even on the claims of the developer plaintiffs.

This Court's timely guidance is all the more important if individual consumers and the States proceed in the first trial, too. Those plaintiffs use the *exact same* antitrust injury and damages model this Court is considering on appeal. As the District Court put it, those trials would be "95 percent" the same as a subsequent class trial "substantively and procedurally." 4/20/23 Hearing Tr. at 12. And resolution of those issues impacts *the* essential question in those two sets of cases: Were consumers harmed?

Delaying this Court's views also risks inefficiency if the States or individual consumers proceed at trial. If a jury reaches a verdict for them based on Dr.

6

Singer's model, and this Court later determines that model is legally deficient, that verdict would be thrown out, wasting the time and resources of all parties.

4. This Court's discretionary authority to expedite appeals exists for circumstances like these, and it should exercise that authority to preserve Google's interlocutory appeal. Google therefore asks the Court to expedite argument to the August 21-25, 2023 argument session. After the District Court has settled on a trial structure related to the consumer class, Google may be required to seek a stay in this Court as well to protect itself from irreparable harm. But for now, expediting the argument is an efficient and practical solution that will provide this Court time to render a decision before trial, without disrupting pre-trial preparation in the consolidated proceedings below.

This Court recently took a similar approach in *Olean* when it denied a stay of lower court proceedings, but expedited oral argument of the appeal. That case, like this one, involved a multi-district litigation where at least one group of plaintiffs was proceeding individually on appeal. *Olean*, 31 F.4th at 662. And it raised substantially similar concerns about one-way intervention and potential mootness. *See* Defendants-Appellants' Emergency Motion for Stay Pending Appeal at 18, *Olean*, 31 F.4th 651 (No. 19-56514), ECF 26-1. This Court exercised its authority under Federal Rule of Appellate Procedure 2 and Ninth Circuit General Order 3.3(f) to place the case "on the next available calendar upon

the completion of briefing." Order, *Olean*, 31 F.4th 651 (No. 19-56514), ECF 36. It should follow a similar approach here.

Accordingly, Google respectfully requests that the Court expedite oral argument and place this case on the August 21-25, 2023 session calendar. Consistent with that request, this Court should not permit any extensions on the briefing deadlines already set out by the Court. Google also requests that the Court issue a decision in this appeal prior to the November 6, 2023 start of trial, if possible.

                                                                       Respectfully submitted,

May 3, 2023                                    /s/ Neal Kumar Katyal

| | |
|---|---|
| Katherine B. Wellington<br>HOGAN LOVELLS US LLP<br>125 High St., Suite 2010<br>Boston, MA 02110<br>Telephone: (617) 702-7745<br>Facsimile: (617) 371-1037<br>katherine.wellington@hoganlovells.com | Neal Kumar Katyal<br>Jessica L. Ellsworth<br>Reedy C. Swanson<br>Danielle Desaulniers Stempel<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>neal.katyal@hoganlovells.com |
| Brian C. Rocca<br>Sujal J. Shah<br>Michelle Park Chiu<br>Minna Lo Naranjo<br>Rishi P. Satia<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br>brian.rocca@morganlewis.com | Kyle W. Mach<br>Justin P. Raphael<br>Emily C. Curran-Huberty<br>Dane P. Shikman<br>MUNGER, TOLLES, & OLSON LLP<br>560 Mission Street<br>Twenty Seventh Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-4000 |

8

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Jonathan I. Kravis
MUNGER, TOLLES, & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
jonathan.kravis@mto.com

Facsimile: (415) 512-4077
kyle.mach@mto.com

Glenn D. Pomerantz
Kuruvilla Olasa
Nicholas R. Sidney
MUNGER, TOLLES, & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (415) 512-4077
glenn.pomerantz@mto.com

*Counsel for Defendants-Appellants*

9

## RULE 27-12 STATEMENT

Pursuant to Circuit Rule 27-12, Google has conferred with opposing counsel to determine their position on this motion. Plaintiffs-Appellees oppose Google's request.

All relevant transcripts in this case have already been filed in the District Court.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and 9th Circuit Rule 27-1 because it contains 1,804 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on May 3, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

<u>/s/ Neal Kumar Katyal</u>
Neal Kumar Katyal