No. 23-15285

IN THE
# United States Court of Appeals
# for the Ninth Circuit

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION

MARY CARR, ET AL. V. GOOGLE LLC, ET AL.

Interlocutory Appeal from the
United States District Court for the Northern District of California
No. 21-md-2981; No. 20-cv-5761
District Judge James Donato

## REPLY IN SUPPORT OF MOTION TO EXPEDITE ORAL ARGUMENT

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High St., Suite 2010
Boston, MA 02110

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
Danielle Desaulniers Stempel
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

May 19, 2023

*Counsel for Defendants-Appellants*

*(Additional Counsel Listed on Signature Page)*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Defendants-Appellants state as follows:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Payment Corp. is a subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Commerce Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Ireland Limited is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Asia Pacific Pte. Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.,

a publicly traded company; no publicly traded company owns more than 10% of

Alphabet Inc.'s stock.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

Fundamentally, this appeal is about whether plaintiffs have offered any evidence capable of substantiating their claims that over 21 million consumers suffered antitrust injuries totaling over a billion dollars in damages. By granting Google's Rule 23(f) petition, this Court has already decided that "interlocutory review is preferable" to evaluate the issues underlying that critical question. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) (per curiam). Yet plaintiffs insist on a case-management plan that would undermine this Court's determination and present the same question based on the same evidence to a jury, on behalf of over tens of millions of consumers in 38 states and D.C. and a handful of individual consumers in November 2023—*before* this Court's interlocutory review has concluded.[1] Indeed, the consumer plaintiffs confirm in their opposition that they plan to seek "at a minimum" a 30-day extension on their response brief, currently due on July 10, and suggest they may seek an even longer delay that would make resolving this appeal before the November 6, 2023, trial date an impossibility. *See* Resp. in Opp. to Mot. to Expedite Oral Argument ("Opp.") 9 n.8.

---

[1] Further complicating things, according to plaintiffs' understanding of the class composition, any consumers who changed addresses in their Google payment profile during the years at issue may have *some* purchases covered by the putative consumer class and *other* purchases covered in the States' suit.

1

Plaintiffs' objection to expediting the argument in this appeal is misguided. The same injury and damages model at the heart of the consumer class plaintiffs' case is also at the heart of the individual plaintiffs' and States' *parens patriae* case—and proceeding with trial before this Court resolves its reliability as an injury or damages model will inflict irreparable harm on Google and needlessly drain party and judicial resources. Plaintiffs fail to undermine those commonsense conclusions.

Google's proposal is a modest one: It just wants the Court to expedite argument of an appeal it accepted in February to ensure this Court has time to provide the interim guidance contemplated by Rule 23(f). After this Court granted Google's petition, Google requested that the trial court defer any trial of this injury and damages model until this Court has completed its review. Plaintiffs opposed that approach, requesting the trial still go forward on behalf of the tens of millions of consumers in the plaintiff States' case, in addition to other individual consumers. The District Court rejected awaiting guidance from this Court. In the meantime, all parties have been on notice of the appeal, which was extensively briefed in the District Court and at the petition-stage. Indeed, it is plaintiffs who opposed moving the trial to a later date to accommodate this Court's review, necessitating Google's request that the Court expedite oral argument. The Court should grant Google's motion.

1.  Most significantly, plaintiffs cannot ultimately contest that holding a trial before this appeal is resolved creates an enormous advantage for plaintiffs by giving them a full-dress rehearsal for the trial involving the class consumers without the risk of preclusion.  This creates a very real possibility of the one-way intervention problem, where Google suffers a "death by a thousand cuts"—as the District Court candidly acknowledged, 4/20/23 Hearing Tr. at 12—from a series of similarly-situated plaintiffs bringing identical claims until one finally succeeds.

Contrary to plaintiffs' suggestion, excluding the individual class representatives from the planned November 6 trial would not mitigate the one-way intervention problem.  *See* Opp. 5.  Plaintiffs still plan to try the claims of other individual consumers and the States, all of whom are pursuing virtually identical claims to those of the class members involved in this appeal, based on the same injury and damages expert model as the consumer class.  Putative class members could receive the one-sided benefit of holding Google to a liability determination, yet would receive at least one more bite at the apple if Google prevails in the November trial.

Appellees suggest (at 3-4) that Google waived this argument by filing a partial summary judgment motion in the District Court addressing overlapping issues in all of these coordinated cases.  Not so.  The cases Appellees rely on discuss situations involving defendants' dispositive motions that sought final

3

judgment as to the claims at issue. *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (defendant requested final judgment on all claims); *Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2012 WL 3686274, at *2 (D. Or. Aug. 24, 2012) (discussing possibility of waiver based on case-dispositive motions); *Khasin v. Hershey Co.*, No. 5:12-CV-01862-EJD, 2014 WL 1779805, at *2 (N.D. Cal. May 5, 2014) (defendant requested final judgment on the relevant claims). By contrast, Google's motion simply seeks to narrow the issues for trial, not to obtain a final judgment, *see* ECF 480 at 1,[2] which would be necessary to trigger preclusion doctrines, *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

The fact that other coordinated cases will go to trial in November underscores the need for expedited argument. *See* Opp. 4. Those cases provide absent class members a clear window into the likely outcome of their own claims. *See infra* pp. 5-8. And the potential preclusive effect of those cases threatens to chip away at Google's defenses in a subsequent class trial. The consumer class plaintiffs' only response is that the November 6 trial is *too soon* to mitigate harm to Google. Opp. 4. But that argument rests on nothing but speculation about how the District Court would react to a decision from this Court in Google's favor. A decision before November would at least preserve the possibility that the trial plan

---

[2] Unless otherwise specified, ECF references are to the multidistrict litigation docket, No. 3:21-md-02981-JD (N.D. Cal.).

for all cases based on the same injury and damages model could be updated to reflect this Court's guidance.

2.  The one-way intervention problem is especially severe here given the high degree of substantive overlap among the plaintiffs' cases.  If the trial proceeds as the consumer plaintiffs propose on November 6, potential class members will have a sneak preview of a jury's determination on *every* issue relevant to their case.  No one disputes that the antitrust issues are overlapping across all the cases in this MDL, and plaintiffs ultimately cannot deny that individual consumers (represented by the same counsel as the consumer class plaintiffs) and the States plan to rely on the exact same injury and damages model as the consumer class plaintiffs involved in this appeal.  *See* Opp. 5-6.

In their opposition, rather than contest this critical point, plaintiffs obfuscate. For instance, plaintiffs initially assert that the District Court was "correct[]" when it stated that the issues on appeal were "irrelevant" to the States' claims.  *See id.* at 4 (citation omitted).  Later on, however, they tacitly admit that the States do in fact intend to rely on the expert opinions that are the crux of this appeal.  *See id.* at 5-6. Plaintiffs claim that the States and individual consumers might *also* present additional evidence of damages, *see id.*, but that is beside the point:  The problem

5

is that the jury will be presented with the contested evidence on this appeal, regardless of whether the jury will also confront additional questions.[3]

Indeed, the consumer plaintiffs' District Court filings even more directly acknowledged the substantive similarity of their case and the States'. In opposing Google's motion to stay or defer the trial, the consumer plaintiffs squarely acknowledged that the States plan to argue "that consumers suffered financial damage" by using "Dr. Singer's pass-through model"—the same model challenged on appeal. ECF 472 at 12. Thus, as an alternative to Google's stay request, the consumers initially proposed a complicated bifurcation procedure that would have postponed the injury and damages issues for their claims *and* the States to a second trial after this appeal. *See id.* Consumers raised this proposal precisely because they recognized "it would not make sense to have two trials on the same facts, with the same witnesses, the same experts, and the same claims for relief." *Id.* at 2.

---

[3] The District Court rejected the "subsidy" theory in its class-certification order, stating that "Dr. Singer's analysis stumbles" on this issue and that this theory of injury did not appear to be in the operative complaint. ECF 383 at 22-23. And the "different expert" that plaintiffs allude to, Opp. 6, purported to calculate damages based on the aggregate lost "happiness" of consumers, ECF 484 at 3-6. Google has filed a *Daubert* motion to exclude this analysis, which does not attempt to measure an injury to "business or property" cognizable under antitrust laws and bears no relationship to the theory of injury pleaded. 15 U.S.C. § 15(a); *see also* ECF 484 at 7-13.

The consumer plaintiffs cannot take back that admission now that the District Court has denied Google's stay request and proposes to do exactly that.[4]

Contrary to plaintiffs' claims, there is also a relationship between the consumers' injury-and-damages claims and those of the app developers involved in the planned trial, Epic and Match. The Play store is a two-sided market, featuring participants who are vendors (app developers like Epic and Match) in addition to end-users (like consumers). In this MDL, Epic and Match contend they were injured by Google's conduct at least in part because Google charged them an allegedly supracompetitive service fee. The consumers (whether represented by the class or the States), however, allege that app developers like Epic and Match passed much of that fee onto consumers. To evaluate these competing claims to injury, the jury will need to consider the persuasiveness of *all* parties' evidence. *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2287 (2018) ("competition cannot be accurately assessed by looking at only one side of the platform in isolation"). A single trial of all claims factoring in this Court's guidance on the consumers' proposed evidence of injury and damages is the best way to do so. But, given the

---

[4] Google is not currently seeking a stay of the trial from this Court because the District Court has not yet ordered a trial that will involve any plaintiff who is a member of the certified class. Nevertheless, Google reserves its right to seek a stay should circumstances warrant as the trial date approaches.

7

District Court's determination to proceed in November, an expedited oral argument

is the most effective path forward.

      3.  Given the highly interrelated nature of the cases, proceeding to trial while

this appeal is pending is also deeply inefficient and would irreparably harm

Google.  Plaintiffs are wrong to suggest that litigation expenses can never factor

into an irreparable-harm calculation.  *See* Opp. 7.  It is well-accepted in this Circuit

that substantial and *unnecessary* costs may constitute irreparable harm, especially

where they may be obviated by a 23(f) appeal.  *E.g. Pena v. Taylor Farms Pac.,*

*Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at \*4 (E.D. Cal. Aug. 31,

2015); *Gray v. Golden Gate Nat'l Recreational Area*, No. C 08-00722 EDL, 2011

WL 6934433, at \*3 (N.D. Cal. Dec. 29, 2011) (finding defendant suffers

"substantial harm" if "substantial time and resources" are "spent on the litigation"

and district court is "later reversed on the issue of class certification"); Order, *Patel*

*v. Facebook, Inc.*, No. 18-15982 (9th Cir. May 29, 2018), ECF 1 (granting stay

based on similar theory of irreparable harm).  Google's claim to harm is based on

the possibility that it will face an entirely *unnecessary* trial that will have to be

redone in large part if this Court holds that the injury-and-damages model at issue

is legally deficient.[5]

---

[5] It makes no difference that Google has also filed a pre-trial *Daubert* motion
regarding the same model.  Opp. 6.  The District Court rejected Google's *Daubert*
arguments at the class-certification stage, ECF 383 at 8-12, and Google has filed

Expedited argument is the best way to mitigate that harm and preserve the efficiencies of this appeal. That is the approach this Court took in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (en banc), and it makes sense in this case as well.[6]

4. Finally, plaintiffs contend that Google's motion is nothing more than tactical gamesmanship. But, as Google has explained, it is plaintiffs who stand to gain an enormous advantage from the status quo, given their ability to take multiple shots at prevailing in a trial against Google based on the same theories and evidence. Google filed this motion in an effort to level the playing field by having this Court's definitive view of the sufficiency of the Singer model before trial by any consumers, regardless of whether they are part of the currently certified class, represented by a State, or an individual consumer.

In any event, plaintiffs' claim to prejudice rests on the *existing* briefing schedule. That schedule was set by the Court without input from Google. The

---

the new one to ensure the issue is fully preserved on appeal, as to both consumers and the States. *See* ECF 487 at 1. Google's partial summary judgment motion, which plaintiffs also allude to, Opp. 6, is not related to the subject-matter of this appeal.

[6] It is immaterial that the defendants in *Olean* filed *Daubert* and summary judgment motions while their 23(f) petition was pending, rather than after it was granted. *See* Opp. 8 & n.6. This Court expedited argument based on virtually identical concerns about one-way intervention and wasted resources. *See* Defendants-Appellants' Emergency Motion for Stay Pending Appeal at 9-14, *Olean*, 31 F.4th 651 (No. 19-56514), ECF 26-1.

9

independent actions of the Court can hardly be considered "gamesmanship" by Google. Opp. 2. Moreover, it is typical for appellants to receive more time on the opening brief than appellees receive on their response brief, given the greater logistical and substantive burdens imposed on appellants such as compiling the excerpts of record, ensuring all transcripts are ordered, and filing all case-opening documents. *Cf.* Fed. R. App. P. 31(a)(1).

Google's timing in filing this motion does not reflect any lack of diligence. Google filed this motion as soon as practicable after the District Court and plaintiffs clarified their intended trial plans. Specifically, after this Court granted Google's petition on February 27, 2023, Google promptly conferred with plaintiffs and subsequently filed a motion to stay or defer the trial less than three weeks after this Court's order, on March 16, 2023. ECF 467. The District Court did not address that motion until April 20, and its resolution required Google's counsel to confer in person with plaintiffs' counsel the following week regarding a proposed trial structure. *See* 4/20/23 Hearing Tr. at 10-11. Once it was clear on April 27 that the States and individual consumers intended to proceed to trial in November despite the pending appeal, Google filed this motion to expedite a week later.[7]

---

[7] Google has proposed that the November trial proceed *only* as to Epic and Match, *see* ECF 505 at 5, and Google will update this Court should the District Court rule on that request.

10

Plaintiffs point to Google's separate offer to expedite the appeal in order to mitigate any harms from its requested stay of the trial. *See* Opp. 9 n.7. But that offer would have included truncating the *entire* appeal, including both sides' time to complete briefing. Presumably, plaintiffs would have objected to an even shorter time to file their response brief. This motion, in contrast, leaves the Court's existing briefing schedule intact and merely requests expedited argument and decision. As explained, Google did not know which motion would be necessary until April 27.

Plaintiffs also suggest they would be unable to complete their response brief on the existing schedule. Opp. 9 & n.8. But the parties are gearing up for trial in six months, requiring a tremendous expenditure of resources by everyone involved. Plaintiffs have insisted on this breakneck pace, and they offer no specific facts supporting the notion that their large legal team cannot meet the standard window for an appellee brief, especially given that they have already presented their arguments in the District Court and in their opposition to Google's Rule 23(f) petition.

For all these reasons, Google respectfully requests that the Court order that there will be no modifications to the existing briefing schedule and that oral argument will occur during the August 21-25, 2023, session. If the Court believes that plaintiffs should be granted additional time for their response brief, Google

11

respectfully requests that the Court order that they receive *no more* than 30 additional days—contrary to their open-ended proposal to seek *at least* that long. Opp. 9 n.8. If the Court grants an extension of the briefing schedule, Google respectfully requests that the Court set oral argument for September 2023, which would preserve the possibility of a decision before the November 6 trial.

Respectfully submitted,

May 19, 2023

/s/ Neal Kumar Katyal

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High St., Suite 2010
Boston, MA 02110
Telephone: (617) 702-7745
Facsimile: (617) 371-1037
katherine.wellington@hoganlovells.com

Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001
brian.rocca@morganlewis.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
Danielle Desaulniers Stempel
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

Kyle W. Mach
Justin P. Raphael
Emily C. Curran-Huberty
Dane P. Shikman
MUNGER, TOLLES, & OLSON LLP
560 Mission Street
Twenty Seventh Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
kyle.mach@mto.com

Glenn D. Pomerantz
Kuruvilla Olasa
Nicholas R. Sidney

12

richard.taffet@morganlewis.com

Jonathan I. Kravis
MUNGER, TOLLES, & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
jonathan.kravis@mto.com

MUNGER, TOLLES, & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (415) 512-4077
glenn.pomerantz@mto.com

*Counsel for Defendants-Appellants*

13

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Ninth Circuit Rules 27-1(1)(d) and 32-3(2) because it contains 2,796 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on May 19, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

<u>/s/ Neal Kumar Katyal</u>
Neal Kumar Katyal