**Case No. 23-15285**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

———◆———

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION

———————————

MARY CARR, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED; ET AL.,
*Plaintiffs-Appellees,*

v.

GOOGLE LLC; ET AL.,
*Defendants-Appellants.*

———————————

*On Interlocutory Appeal from the United States District Court
for the Northern District of California (San Francisco),
Case Nos. 21-md-02981; 21-cv-5761 • Honorable James Donato, District Judge*

**BRIEF OF ATLANTIC LEGAL FOUNDATION AS *AMICUS CURIAE*
IN SUPPORT OF DEFENDANTS-APPELLANTS AND REVERSAL**

ERIC G. LASKER
SHANNON N. PROCTOR
**HOLLINGSWORTH LLP**
1350 I Street, NW
Washington, D.C. 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
elasker@hollingsworthllp.com
sproctor@hollingsworthllp.com

LAWRENCE S. EBNER
**ATLANTIC LEGAL FOUNDATION**
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 729-6337
Facsimile: (202) 580-6559
lawrence.ebner@atlanticlegal.org

*Counsel for Amicus Curiae Atlantic Legal Foundation*

 

## CORPORATE DISCLOSURE STATEMENT

*Amicus curiae* Atlantic Legal Foundation is a nonprofit, nonpartisan, public interest law firm. It has no corporate parent, and since it issues no stock, no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

PRELIMINARY STATEMENT .............................................................. 1

INTEREST OF THE *AMICUS CURIAE* .............................................. 1

INTRODUCTION ..................................................................................... 3

ARGUMENT .............................................................................................. 5

    The District Court's Erroneous Denial of Google's Motion To Exclude the Testimony of the Consumer Plaintiffs' Economic Expert Is Sufficient Reason To Reverse Class Certification .......... 5

    A.    Federal Rule of Evidence 702 plays a critical role in class-certification decisions where, as here, they rely exclusively on expert testimony ............................................... 5

    B.    The district court failed to hold the Consumer Plaintiffs to their proper Rule 702 burdens, as clarified in the forthcoming amendments to that rule ................................... 10

        1.    The district court failed to hold the Consumer Plaintiffs to their Rule 702 burden of establishing expert admissibility by a preponderance of the evidence ........................................................................ 12

        2.    The district court failed to hold the Consumer Plaintiffs to their Rule 702 burden of establishing that their expert's opinion reflects a reliable application of the principles and methodology to the facts of the case ...................................................... 16

CONCLUSION .......................................................................................... 20

CERTIFICATE OF COMPLIANCE ....................................................... 21

i

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*American Honda Motor Co., Inc. v. Allen*,
   600 F.3d 813 (7th Cir. 2010) .................................................... 8

*In re Blood Reagents Antitrust Litig.*,
   783 F.3d 183 (3rd Cir. 2015) ............................................... 8, 9

*Chen-Oster v. Goldman, Sachs, & Co.*,
   114 F. Supp. 3d 110 (S.D.N.Y. 2015) ...................................... 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ................................................... *passim*

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ........................................... 5, 6, 7

*General Electric Co. v. Joiner*,
   522 U.S. 136 (1997) ................................................................ 2

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ................................................................ 2

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir.) (en banc) ........................................... 7

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) ............................. 15, 16, 17, 19

*Ralston v. Mortg. Invs. Grp., Inc.*,
   No. 08-536-JF PSG, 2011 WL 6002640
   (N.D. Cal. Nov. 30, 2011) ...................................................... 6

*Sardis v. Overhead Door Corp.*,
   10 F.4th 268 (4th Cir. 2021) ................................................ 10

*Sher v. Raytheon Co.,*
  419 F. App'x 887 (11th Cir. 2011) .......................................................... 8

*Unger v. Amedisys Inc.,*
  401 F.3d 316 (5th Cir. 2005) .................................................................. 9

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ............................................................................... 6

## Rules

Federal Rule of Civil Procedure 23 ............................................... 3, 5, 8, 9

Federal Rule of Civil Procedure 23(a)(2). ........................................... 4

Federal Rule of Civil Procedure 23(b)(3) ...................................... ........7

Federal Rule of Civil Procedure 23(f) ............................................... 5, 7

Federal Rule of Evidence 104(a) ................................. 12, 13, 14, 15, 20

Federal Rule of Evidence 104(b) ....................................... 13, 15

Federal Rule of Evidence 702 ........................................................... *passim*

Federal Rule of Evidence 702(d) ................................................ 16, 17, 19

## Other Authorities

Advisory Committee on Evidence Rules, Minutes of the
  Meeting of November 13, 2020,
  https://tinyurl.com/37xjnu7r ............................................................. 13

Brendan Pierson, *Judicial committee adopts controversial
  change to expert witness rule*, Reuters (June 7, 2022) ........................ 11

D. Bernstein & E. Lasker, *Defending Daubert*: *It's Time to
  Amend Federal Rule of Evidence* 702, 57 Wm. & Mary L.
  Rev. 1 (2015) ....................................................................................... 10

Mem. for Hon. John D. Bates from Hon. Patrick J. Schiltz,
      Report of the Advisory Committee on Evidence Rules
      (Dec. 1, 2020), https://tinyurl.com/yh3ybthn ................................ ....14

Mem. for Hon. John D. Bates from Hon. Patrick J. Schiltz,
      Report of the Advisory Committee on Evidence Rules
      (May 15, 2022), https://tinyurl.com/yu6f299b....................................17

T.D. Schroeder, *Toward a More Apparent Approach to*
      *Considering the Admission of Expert Testimony*,
      95 Notre Dame L. Rev. 2039 (2020) .............................................14, 19

## PRELIMINARY STATEMENT

This *amicus curiae* brief in support of Defendants-Appellants ("Google") is being filed in accordance with Federal Rule of Appellate Procedure 29(a) and Circuit Advisory Committee Note 29-3.

Defendants-Appellants and Plaintiffs-Appellees both have consented to the filing of this brief.

Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), no party's counsel authored this brief in whole or part, and no party or party's counsel, and no person other than the *amicus curiae*, its supporters, or its counsel, contributed money that was intended to fund preparing or submitting the brief.

## INTEREST OF THE *AMICUS CURIAE*

Established in 1977, the Atlantic Legal Foundation ("ALF") is a national, nonprofit, public interest law firm whose mission is to advance the rule of law by advocating for individual liberty, free enterprise, property rights, limited and efficient government, sound science in judicial and regulatory proceedings, and effective education. With the benefit of guidance from the distinguished legal scholars, corporate legal officers, private practitioners, business executives, and prominent

1

scientists who serve on its Board of Directors and Advisory Council, the Foundation pursues its mission by participating as *amicus curiae* in carefully selected appeals before the Supreme Court of the United States, federal courts of appeals, and state supreme courts.

\* \* \*

ALF long has been one of the nation's foremost advocates for ensuring that federal district courts fulfill their evidentiary gatekeeper role by admitting into evidence, or otherwise relying upon, only expert testimony that is *reliable* as well as relevant. For example, on behalf of esteemed scientists such as Nicholaas Bloembergen (a Nobel laureate in physics) and Bruce Ames (one of the world's most frequently cited biochemists), ALF submitted amicus briefs in each of the "*Daubert* trilogy" of cases—*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1997); and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)—concerning admissibility of expert testimony under Federal Rule of Evidence 702. In *Daubert*, 509 U.S. at 590, the Court quoted ALF's brief on the meaning of "scientific . . . knowledge" as used in Rule 702.

2

More recently, ALF submitted to the U.S. Judicial Conference's Committee on Rules of Practice and Procedure written comments supporting Rule 702 amendments that will reinforce a federal district court's expert testimony gatekeeper role. These clarifying amendments (discussed in Argument B of this brief) have been approved by the Supreme Court and transmitted to Congress. They are expected to take effect on December 1, 2023, and already are being followed by many courts around the nation.

## INTRODUCTION

The district court's extensive reliance on the testimony of the Consumer Plaintiffs' economic expert, Dr. Hal J. Singer, was pivotal to its class-certification decision. Google objected to Dr. Singer's formulas and methods as unreliable, and thus inadmissible under Federal Rule of Evidence 702 and the *Daubert* admissibility standards that the rule incorporates. The district court not only denied Google's motion to exclude Dr. Singer's testimony, but also repeatedly pointed to his formulas and methods as proof that satisfies Federal Rule of Civil Procedure 23 class-certification requirements.

For example, the district court indicated that "Google's main *Daubert* objection is to Dr. Singer's 'pass-through formula' . . . an essential element of his opinions about Google's overcharges in app sales, and the artificially inflated prices consumers paid as a consequence." Order re Consumer Plaintiffs' Class Certification Motion and Defendants' Motion To Exclude Expert Testimony ("Order"), ER-10. Rejecting Google's contention that the Consumer Plaintiffs "have no common proof of pass through," the district court relied exclusively on Dr. Singer's pass-through theories as the Consumer Plaintiffs' "common method of proving antitrust impact" for purposes of Rules 23(a)(2) ("commonality") & (b)(3) ("predominance"). *Id.* at ER-17. Explaining that "[t]he 'pass-through' rate is a critical element of Dr. Singer's overcharge analysis," the district court found that his "pass-through formula is suitable as an element of classwide proof of antitrust impact and injury." *Id.* at ER-11, 19. Giving short shrift to its expert testimony gatekeeper duty, the court asserted that Google's objections to the reliability of Dr. Singer's opinions are "the stuff of cross-examination and not exclusion." *Id.* at ER-13.

This amicus brief discusses the important role that Federal Rule of Evidence 702 plays in class-certification decisions, especially where, as here, such a decision is *predicated* on expert testimony. The brief then explains why the district court's approach to Dr. Singer's testimony is inconsistent with Rule 702's fundamental reliability requirement, especially as clarified by the forthcoming amendments to that rule.

## ARGUMENT

**The District Court's Erroneous Denial of Google's Motion To Exclude the Testimony of the Consumer Plaintiffs' Economic Expert Is Sufficient Reason To Reverse Class Certification**

### A. Federal Rule of Evidence 702 plays a critical role in class-certification decisions where, as here, they rely exclusively on expert testimony

The Ninth Circuit repeatedly has recognized that the reliability and other admissibility standards set forth in Rule 702 apply to expert testimony submitted in support of, or in opposition to, class certification under Federal Rule of Civil Procedure 23.

For example, in *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011), a Rule 23(f) challenge to class certification, the court of appeals indicated that the district court's analysis of commonality "correctly applied the evidentiary standard set forth in *Daubert*." *Id.* at 982 (explaining that *Daubert*, 509 U.S. at 589-90, "requires a court to

admit or exclude evidence based on its scientific reliability and relevance"). Further, the court observed that in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 354 (2011), the Supreme Court expressed "doubt" concerning a district court's conclusion "that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings." *Id.*; *see also Chen-Oster v. Goldman, Sachs, & Co.*, 114 F. Supp. 3d 110, 114 (S.D.N.Y. 2015) ("[T]he Supreme Court itself has expressed skepticism at the suggestion that *Daubert* would not apply to expert testimony at the class certification stage."); *Ralston v. Mortg. Invs. Grp., Inc.*, No. 08-536-JF PSG, 2011 WL 6002640, at *3 (N.D. Cal. Nov. 30, 2011) ("The Supreme Court recently indicated that so-called *Daubert* review of the reliability and relevance of expert testimony under Fed. R. Evid. 702 is appropriate at the class certification stage.")

Recognizing that Rule 702's admissibility criteria apply to expert testimony proffered in the class-certification context, the Ninth Circuit panel in *Ellis* explained that "the trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable." *Ellis*, 657 F.3d 982 (citing *Kumho Tire*,

526 U.S. at 145, 147-49). The *Ellis* panel faulted the district court, however, for limiting the required "rigorous analysis" of commonality to its finding that the plaintiffs' evidence was admissible. *Id.*

More recently, in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir.) (en banc), a Rule 23(f) challenge to class certification in antitrust litigation, the court of appeals explained that

> [i]n carrying the burden of proving facts necessary for certifying a class under Rule 23(b)(3), plaintiffs may use *any admissible evidence. See Tyson Foods,* [*Inc. v. Bouaphakeo*, 577 U.S. 442, 454–55 (2016)] (explaining that admissibility of evidence at certification must meet all the usual requirements of admissibility and citing to Rules 401, 403, and 702 of the Federal Rules of Evidence).

*Id.* at 665 (emphasis added). The court further noted that "[i]n a class proceeding, defendants may challenge the reliability of an expert's evidence under *Daubert* [and] Rule 702." *Id.* n.7 (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 32 n.4 (2013)).

Rule 702 takes on an even more prominent role in cases where, as here, a class certification decision relies *entirely* on expert testimony. In such circumstances, several circuits have held that expert testimony can

7

be considered in connection with class certification *only* if the district court conclusively determines that it is admissible after a rigorous Rule 702 analysis. For example, in *Sher v. Raytheon Co.*, 419 F. App'x 887, 890 (11th Cir. 2011), the Eleventh Circuit found persuasive the Seventh Circuit's opinion in *American Honda Motor Co., Inc. v. Allen*, 600 F.3d 813 (7th Cir. 2010). *Sher* explains as follows:

> In *American Honda*, the Seventh Circuit found that "*when an expert's report or testimony is critical to class certification, as it is here* . . . a district court *must conclusively rule* on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." *Id.* at 815-16. The *American Honda* court found that, if the situation warrants, the district court *must perform a full Daubert analysis* before certifying the class. *Id.* at 816. A district court is the gatekeeper. It must determine the reliability of the expert's experience and training as well as the methodology used. *Id.* "The [district] court must also resolve any challenge to the reliability of information provided by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification." *Id.*

*Sher*, 419 F. App'x at 890 (emphasis added).

Similarly, the Third Circuit in *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183 (3rd Cir. 2015)

> join[ed] certain of our sister courts to hold that a plaintiff cannot rely on challenged expert

testimony, *when critical to class certification*, to demonstrate conformity with Rule 23 unless the plaintiff also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*. The Supreme Court has emphasized that the class certification analysis must be "rigorous." *This "rigorous analysis" applies to expert testimony critical to proving class certification requirements.*

*Id.* at 187 (internal citations omitted) (emphasis added); *see also Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir. 2005) ("[W]e hold that a careful certification inquiry is required and findings must be made based on adequate admissible evidence to justify class certification.").

Here, the district court's Order repeatedly demonstrates that the challenged expert testimony—to use the Seventh and Eleventh Circuits' phrase—"is critical to class certification." But as discussed in the next section of this brief, the district court failed to hold the Consumer Plaintiffs to their proper Rule 702 burden to establish the admissibility of that critical testimony.

**B.    The district court failed to hold the Consumer Plaintiffs to their proper Rule 702 burdens, as clarified in the forthcoming amendments to that rule**

In reviewing the district court's Rule 702 analysis, this Court should be guided by the forthcoming amendments to Rule 702. The amendments were drafted specifically to correct two widespread judicial errors in the application of Rule 702—errors that are evident in the district court's opinion.[1]  Although not formally effective until December 1, 2023, these amendments are intended to clarify the proper application of the current Rule 702, and accordingly are instructive here. *See, e.g.*, *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283–84 (4th Cir. 2021) (relying on forthcoming Rule 702 amendments, which "echo[] the existing law").[2]

As amended, Rule 702 will read as follows (new language underscored; deleted language stricken):

---

[1] The amendments are the product of detailed analyses of Rule 702 case law in this and other circuits conducted by the Judicial Conference's Advisory Committee on the Federal Rules of Evidence.  The Advisory Committee's rule-revision effort was triggered by a 2015 law review article co-authored by one of the signatories to this brief.  D. Bernstein & E. Lasker, *Defending Daubert*: *It's Time to Amend Federal Rule of Evidence* 702, 57 Wm. & Mary L. Rev. 1 (2015).

**Rule 702. Testimony by Expert Witnesses**

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise <u>if the proponent demonstrates to the court that it is more likely than not that</u>:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the ~~expert has reliably applied~~ <u>expert's opinion reflects a reliable application of</u> the principles and methods to the facts of the case.

The district court's opinion is flawed for both of the reasons that led

to these amendments:

---

[2] *See also* Brendan Pierson, *Judicial committee adopts controversial change to expert witness rule*, Reuters (June 7, 2022), https://www.reuters.com/legal/government/judicial-committee-adopts-controversial-change-expert-witness-rule-2022-06-07/ ("'This does not change the law at all,' said U.S. District Judge Patrick Schiltz of Minnesota, who chairs an advisory committee on rules of evidence and supported the amendment, before the vote. 'It simply makes it clearer.'").

1. **The district court failed to hold the Consumer Plaintiffs to their Rule 702 burden of establishing expert admissibility by a preponderance of the evidence**

As explained in the Committee Note, the first amendment to Rule 702 was added "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Jud. Conf., Comm. on Rules of Practice and Procedure, Comm. Note to Rule 702 at 228 (Oct. 19, 2022) (citing Fed. R. Evid. 104(a)).[3] While this preponderance of the evidence standard was already implicit in Rule 702—and in *Daubert*, 509 U.S. at 592, specifically incorporated into a court's gatekeeping responsibility— the district court here failed to hold the Consumer Plaintiffs to their burden of establishing that their expert's opinion reflects a reliable application of the principles and methodology to the facts of the case.

The Committee Note bemoaned that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not

---

[3] https://tinyurl.com/2x38778a.

admissibility." Comm. Note at 228. "These rulings are an incorrect application of Rule 702 and 104(a)." *Id.*; *see also id.* ("The amendment clarifies that the preponderance standard applies to the three reliability-based requirements added in 2000—requirements that many courts have incorrectly determined to be governed by the more permissive Rule 104(b) standard"); Advisory Committee on Evidence Rules, Minutes of the Meeting of November 13, 2020, at 4 ("[F]ederal cases . . . revealed a pervasive problem with courts discussing expert admissibility requirements as matters of weight.").[4]

In light of this guidance, the Court should be wary in following prior judicial authority that fails to properly apply the preponderance of the evidence standard to expert admissibility determinations. "While it is true that the Rule 104(a) preponderance of the evidence standard applies to Rule 702 as well as other rules, it is in the area of expert testimony

---

[4] Advisory Committee on Evidence Rules, Minutes of the Meeting of November 13, 2020, https://tinyurl.com/37xjnu7r.

that many courts are ignoring that standard." *See* Report of the Advisory Committee on Evidence Rules 5 (Dec. 1, 2020).[5]

The Chair of the Advisory Committee's Subcommittee on Rule 702, District Judge Thomas Schroeder, has specifically called attention to case law in the Ninth Circuit, which he explained is "facially wrong" in its failure to hold proponents of expert testimony to their Rule 104(a) burden. *See* T.D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 Notre Dame L. Rev. 2039 (2020). Judge Schroeder noted that "[t]he Ninth Circuit appears to set its own standard for assessing admissibility of expert opinion apart from Rule 702" and improperly "interpret[s] *Daubert* as liberalizing the admission of expert testimony." *Id.* at 2051.

In particular, rather than holding proponents of expert testimony to their Rule 104(a) burden, some Ninth Circuit cases had improperly relied on the proposition that "[s]haky but admissible [expert] evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 2050 (quoting *City of Pomona*

---

[5] Mem. for Hon. John D. Bates from Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (Dec. 1, 2020), https://tinyurl.com/yh3ybthn.

*v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) and *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)); *see also id.* at 2042 ("[S]ome courts have defaulted to invoking the Supreme Court's caution that Rule 702 is not meant to prohibit 'shaky but admissible' evidence and have relegated the issue to the jury's consideration on the grounds it can be subject to cross-examination and contrary proof."). In so doing, "these courts have inadvertently applied Rule 104(b)'s standard for admissibility, in contravention of *Daubert*." *Id.* at 2042–43.

The district court's opinion below reflects this same "facially wrong" application of Rule 702. At no point in its analysis did the district court cite Rule 104(a) or note plaintiffs' burden to establish the admissibility of their expert's testimony under the preponderance of the evidence standard. Rather, the district court improperly stated that "Rule 702 should be applied with a 'liberal thrust' favoring admission," Order, ER-8, and relies on the very same *Primiano* opinion that has been criticized by Judge Schroeder as incorrect. Most notably, in its ultimate admissibility ruling, the district court appears to have flipped the burden altogether, denying the Rule 702 motion because "***Google*** has not demonstrated that

unreliability or invalidity warrant exclusion of Dr. Singer's opinions." *Id.* at 7 (emphasis added).

Google, of course, had no such burden. Under Rule 702, it is the Consumer Plaintiffs who bear the burden of establishing by a preponderance of evidence that their expert's testimony satisfies each of the requirements set forth in subdivisions (a) – (d) of Rule 702. In failing to hold plaintiffs to this burden, the district court abandoned its Rule 702 gatekeeping responsibility.

> ## 2. The district court failed to hold the Consumer Plaintiffs to their burden of establishing that their expert's opinion reflects a reliable application of the principles and methodology to the facts of the case

The second amendment to Rule 702—requiring proponents of expert testimony to establish an expert's "reliable application" of his methodology to the facts of the case—was adopted "to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Comm. Note at 230. As the Committee Note explains, the judicial gatekeeping responsibility imposed in subsection 702(d) "is essential because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other

methods underlying expert opinion, jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support." *Id.*

The importance of § 702(d) was further explained in the Advisory Committee's Report to the Standing Committee:

> The language of the amendment more clearly empowers the court to pass judgment on the conclusion that the expert has drawn from the methodology. Thus the amendment is consistent with *General Electric Co., v. Joiner*, 522 U.S. 136 (1997), in which the Court declared that a trial court must consider not only the expert's methodology but also the expert's conclusion; that is because the methodology must not only be reliable, it must be reliably applied.

Report to the Standing Committee, Advisory Committee on Evidence Rules, at 6 (May 15, 2022).[6]

The district court failed to properly apply this Rule 702 standard in admitting Dr. Singer's testimony. Again, citing to the flawed admissibility standard set forth in *Primiano*, the district court held that expert opinion is reliable so long as "the knowledge underlying it has a

---

[6] Mem. for Hon. John D. Bates from Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022), https://tinyurl.com/yu6f299b.

reliable basis in the knowledge and experience of the relevant discipline." Order, ER-8. The district court thus limited its inquiry to whether Dr. Singer was qualified and whether he applied methodologies that were "used in [the] economic literature." *Id.* at ER-12. Finding these conditions to be met, the district court went no further.

In so doing, the district court failed to satisfy its subsection (d) gatekeeping responsibility "to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support." As explained by Google in its Merits Brief (Dkt. 20) at 38-55, the district court admitted Dr. Singer's opinions without any meaningful scrutiny of the facts that (1) his selected economic model is not used in the antitrust context, (2) his application of this model rested on assumptions about consumer practices rather than evidence, and (3) his conclusions were contrary to market evidence regarding the pricing strategy followed by app developers.

The district court waved off its subsection (d) obligation to address these facts, holding that "the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology," Order, ER-8, and arguing that concerns regarding the reliability of Dr. Singer's

application of his methodology in reaching his conclusions "is the stuff of cross-examination and not exclusion." *Id.* at ER-13. Quoting *Primiano*, the district court argued that it was "a gatekeeper, not a fact finder." *Id.* at ER-8 (quoting *Primiano*, 598 F.3d at 568)). But as the Advisory Committee has explained, "when it comes to making preliminary determinations about admissibility, the judge *is* and *always has been* a factfinder." Report to the Standing Committee, Advisory Committee on Evidence Rules, at 7 (May 15, 2022)**.**

In failing to recognize its Rule 702(d) obligation and conduct the necessary factual inquiry into whether Dr. Singer "stay[ed] within the bounds of what can be concluded from a reliable application" of his bases and methodology, the district court erred as a matter of law. *See also* Schroeder, *supra* at 2039 ("[S]ome trial and appellate courts misstate and muddle the *admissibility* standard, suggesting that questions of the sufficiency of the expert's basis and the reliability of the application of the expert's method raise questions of weight that should be resolved by a jury, where they can be subject to cross-examination and competing evidence. The state of affairs has prompted the United States Judicial Conference's Advisory Committee on the Federal Rules of Evidence to

consider possible amendment to Rule 702 to reiterate the need for proper application of Rule 104(a)'s threshold to each requirement of Rule 702."). For this reason as well, the district court's ruling should be reversed.

## CONCLUSION

This Court should reverse the district court's class-certification Order.

Respectfully submitted,
s/ *Lawrence S. Ebner*
LAWRENCE S. EBNER
ATLANTIC LEGAL FOUNDATION
1701 Pennsylvania Ave., NW
Washington, D.C. 20006
Tel.: (202) 729-6337
Fax: (202) 580-6559
lawrence.ebner@atlanticlegal.org

ERIC G. LASKER
SHANNON N. PROCTOR
HOLLINGSWORTH LLP
1350 I St., NW
Washington, D.C. 20005
Tel.: (202) 898-5800
Fax.: (202) 682-1639
elasker@hollingsworthllp.com
sproctor@hollingsworthllp.com

Counsel for *Amicus Curiae*
Atlantic Legal Foundation

Date: June 13, 2023

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-15285

I am the attorney or self-represented party.

**This brief contains** | 3,730 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◯ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◉ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [            ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Lawrence S. Ebner | **Date** | June 13, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**        *Rev. 12/01/22*

21