# No. 23-15285

IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION
MARY CARR, ET AL. V. GOOGLE LLC, ET AL.

———————

Interlocutory Appeal from the
Unite States District Court for the Northern District of California
No. 21-md-2981; No. 20-cv-5761
District Judge James Donato

———————

**NON-PARTY AMAZON.COM LLC'S MOTION TO MAINTAIN UNDER SEAL DOCUMENTS FILED BY DEFENDANTS-APPELLANTS**

———————

BENJAMIN M. MUNDEL
ALEXANDRA T. MUSHKA
SIDLEY AUSTIN LLP
1501 K STREET N.W.
WASHINGTON, DC, 20005
BMUNDEL@SIDLEY.COM
TEL. (202) 736-8157

*Counsel for Non-Party Amazon.com LLC.*

## **MOTION TO MAINTAIN SEAL**

Non-party Amazon.com LLC ("Amazon") respectfully moves under Circuit Rule 27-13 to maintain under seal the below designated portions of the Excerpts of Record produced by Amazon filed with Appellants opening brief. This information was produced by Amazon to the parties in the District Court as highly confidential under the protective order. Because the information implicates Amazon's confidential and sensitive business information, and because the request to seal is narrowly tailored, the motion should be granted.

### I. Background

Amazon, a non-party to these proceedings, has produced numerous documents and other information in the District Court during the course of these proceedings. Much of the information produced by Amazon is confidential business information, including Amazon's product development efforts, key business operations, financial figures, and other sensitive information about the company's competitive strategy. Certain documents and information show the amount Amazon charges developers for use of its app store—i.e., the Amazon app store's ("Appstore") commission rate. These rates are

heavily negotiated between Amazon and developers and there can be various discounts off of the standard rate.

In the Excerpts of Record filed by the Appellants, there are two references to Amazon's highly confidential business information. **5-ER-734**, **paragraph 200 and footnote 410**. This text remains under seal in the District Court. *See* Dkt. 324-4 at 33 ¶ 7.[1] The text relates to the total effective commission rate for the Amazon Appstore ("Appstore"), information that is highly sensitive and confidential to Amazon.

Amazon seeks to maintain under seal the above-referenced, limited portions of the record to maintain the confidentiality of its commercially sensitive business information, which, if publicly released, would cause substantial harm to Amazon.

II. Argument

Although there is a "strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), documents may be sealed for good cause. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Good cause exists when "forbidding the disclosure" of materials

---

[1] Citations to docket numbers refer to N.D. Cal. No. 3:21-md-02981-JD.

obtained in discovery will "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

A party seeking to seal material must articulate "compelling reasons" that outweigh the public's interest in open access to judicial records. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016); *accord County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Courts have long treated confidential, commercially sensitive business information as appropriate for sealing. *See, e.g., id.* (citing *Nixon*, 435 U.S. at 598–99, recognizing interest in maintaining confidentiality as to "sources of business information that might harm a litigant's competitive standing"); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

As the District Court correctly determined, there are compelling reasons to keep this information under seal. This information provides details about Amazon's business strategy and its negotiations with

3

other non-parties to these proceedings. Amazon treats this information as highly confidential; it is not widely distributed or known at the company. Amazon also takes measures to ensure that this information is not publicly disclosed. The information that Amazon is requesting be filed under seal is among the most sensitive information within the company. The following are the specific sections of the Excepts of Record, contained within the **Class Certification Report of Dr. Hal J. Singer, Ph.D. [Sealed Version Dkt. 324-7 & 324-8] [Redacted Version Dkt. 325-1] [5-ER- 716-767]** that Amazon seeks to maintain under seal:

- **5-ER-734, paragraph 200.** Amazon requests that its information in this paragraph be redacted. The information directly refers to the Amazon Appstore commission rate. This is highly confidential business information belonging to Amazon that would cause harm to the company's competitive position were such information to be made public. These commission rates could be used by Amazon's competitors or by other app developers to harm Amazon.

4

- **5-ER-734, footnote 410.** Amazon requests that its information in this footnote be redacted. The information also contains the effective commission rate for the Amazon Appstore. This is highly confidential business information belonging to Amazon that would cause harm to the company's competitive position were such information to be made public. These commission rates could be used by Amazon's competitors or by other app developers to harm Amazon.

Amazon has spent years developing business strategies related to the above referenced information. This information is not currently publicly known, and Amazon produced it in the District Court subject to the confidentiality requirements of the protective order. If this information is publicly filed, Amazon's competitors could use the information to Amazon's disadvantage; accordingly, Amazon would suffer significant harm if this information were publicly disclosed. Amazon treats this information as confidential and takes appropriate measures to ensure that it is not publicly disclosed.

Any countervailing interest in releasing the information publicly is slight. This information was already filed pursuant to a protective order in the District Court. Further, Amazon is a non-party to these proceedings; its business information is not at issue in this case. The public's interest in obtaining access to non-party information does not outweigh Amazon's significant interest in maintaining the confidentiality of sensitive business information produced to and already protected by the District Court.

There is good cause to retain the above-referenced documents under seal. Accordingly, Amazon respectfully requests that the Court grant this motion.

Dated: June 29, 2023								Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ *Benjamin M. Mundel*
    Benjamin M. Mundel
    Attorney for Non-party Amazon

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 29, 2023.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 29, 2023

                                        */s/ Benjamin M. Mundel*
                                        Benjamin M. Mundel