No. 23-15285

ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 11, 2023

IN THE

# United States Court of Appeals
# for the Ninth Circuit

---

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION

MARY CARR, ET AL. V. GOOGLE LLC, ET AL.

---

Interlocutory Appeal from the
United States District Court for the Northern District of California
No. 21-md-2981; No. 20-cv-5761
District Judge James Donato

---

**APPELLANTS' MOTION FOR LIMITED REMAND UNDER FEDERAL
RULE OF APPELLATE PROCEDURE 12.1(b) AND TO REMOVE THIS
CASE FROM THE ORAL ARGUMENT CALENDAR FOR
SEPTEMBER 11, 2023**

---

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High St., Suite 2010
Boston, MA 02110

Neal Kumar Katyal
Jessica L. Ellsworth
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

*Counsel for Defendants-Appellants*

August 29, 2023

*(Additional Counsel Listed on Signature Page)*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Defendants-Appellants state as follows:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Payment Corp. is a subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Commerce Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Ireland Limited is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Asia Pacific Pte. Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.,

a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

This case is an interlocutory appeal of a class certification order that is currently set for oral argument on September 11, 2023. On August 28, 2023, the District Court issued an order granting Google's motion to exclude from trial the precise injury and damages model on which the class certification order is based. ECF 588.[1] The District Court issued a second order addressing decertification, in which it stated that "the order granting certification should be vacated," but that the District Court lacked jurisdiction to do so because the certification order is currently on appeal in this Court. ECF 589. Accordingly, Google seeks the following relief:

First, pursuant to Federal Rule of Appellate Procedure 12.1(b), Google seeks a limited remand from this Court to the District Court so that the District Court can decertify the class as it has indicated should occur.

Second, pursuant to Federal Rule of Appellate Procedure 34(b) and Circuit Rule 34-2, Google requests that the Court vacate the oral argument that is currently set for September 11, 2023, in this appeal. Once the District Court has decertified the class, Google's appeal of the certification order will in all likelihood be moot, and Google will promptly notify this Court.

Google has consulted with counsel for Plaintiffs-Appellees, who have indicated that they will respond to this motion after they have read it. In light of the

---

[1] Unless otherwise specified, ECF references are to the multidistrict litigation docket, No. 3:21-md-02981-JD (N.D. Cal.).

proximity of oral argument, Google respectfully requests that this motion receive expedited treatment.

In support of this motion, Google states as follows:

1. Plaintiffs-Appellees represent a putative class of consumers who purchased mobile phone apps, app subscriptions, or in-app purchases through Google's Play Store. 1-ER-4-7. Plaintiffs allege that Google charged supracompetitive service fees to app developers, and claim that the prices they paid were inflated as a result. *Id.*

2. The District Court issued an order certifying the class on November 28, 2022. 1-ER-3. This Court granted permission to appeal under Federal Rule of Civil Procedure 23(f) on February 27, 2023. The District Court subsequently set the underlying case for trial starting on November 6, 2023. *See* ECF 588 at 2. This Court granted in part Google's motion for an expedited appeal, and set oral argument for September 11, 2023.

3. The District Court's class certification order depended on its conclusion that the expert opinion of Dr. Hal Singer was admissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and could serve as common proof of injury and damages. *See* 1-ER-10-25.

4. While this appeal was pending, the parties continued to proceed towards trial in the District Court. Google moved to exclude Dr. Singer's expert opinions at

trial under *Daubert*. ECF 487. After briefing and a hearing, the District Court issued an order on Monday, August 28, 2023, granting Google's motion to exclude Dr. Singer's testimony. *See* ECF 588. The Court was persuaded "that Dr. Singer's [injury and damages] model is not within accepted economic theory and literature, and is based on assumptions about the Play Store apps that are not supported by the evidence." *Id.* at 16.[2]

5. Immediately after issuing its order excluding Dr. Singer's opinion under *Daubert*, the District Court issued an order titled "Order re Decertification and Class Notice." ECF 589. The court explained that Dr. Singer's opinion "was an essential element of the consumer plaintiffs' argument in support of certification" and stated that, as a result of the subsequent decision excluding Dr. Singer's injury and damages model under *Daubert*, "the order granting certification should be vacated." *Id.* at 1. The District Court noted, however, that this Court's order granting permission to appeal had "terminated [its] authority to decertify the class." *Id.* at 1-2 (citing *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)).

---

[2] The District Court likewise rejected an "alternative approach" proffered by Dr. Singer, finding it "too anemic to" present "to a jury." ECF 588 at 17. This alternative approach is not the basis on which the class was certified and is not at issue in the appeal of the class certification order.

6.  In light of the District Court's ruling stating that it would vacate the class certification order that is the basis for this appeal, this Court should issue a limited remand under Federal Rule of Appellate Procedure 12.1(b).  The District Court's order is effectively an indicative ruling, such that this Court can enter a limited remand in order to effectuate it.  *See Mendia v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017).  The District Court "made its intentions" to vacate the class certification order "sufficiently clear" to warrant a remand under Rule 12.1(b).  *Id.*

7.  As Rule 12.1(b) contemplates, this Court should retain jurisdiction over the appeal until the District Court has issued an order decertifying the class.

8.  In the meantime, because oral argument is currently scheduled for Monday, September 11, 2023—and is therefore less than two weeks away—Google requests that this Court remove this case from the oral argument calendar.  Although this Court does not typically vacate an oral argument "within 14 days of the date set," the District Court's express statement that the class should be decertified and that it lacks authority to do so amounts to "exceptional circumstances" that warrant vacating the oral argument in this case.  Circuit Rule 34-2.

9.  Finally, because oral argument is relatively soon, Google respectfully requests that the Court act on this motion on an expedited basis.

4

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court issue a limited remand, while retaining jurisdiction, so that the District Court can decertify the class as contemplated by its August 28, 2023, order. Google also requests that this Court remove this case from the upcoming oral argument calendar set for Monday, September 11, 2023.

Respectfully submitted,

August 29, 2023

/s/ Neal Kumar Katyal

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High St., Suite 2010
Boston, MA 02110
Telephone: (617) 702-7745
Facsimile: (617) 371-1037
katherine.wellington@hoganlovells.com

Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001
brian.rocca@morganlewis.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Neal Kumar Katyal
Jessica L. Ellsworth
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

Kyle W. Mach
Justin P. Raphael
Emily C. Curran-Huberty
MUNGER, TOLLES, & OLSON LLP
560 Mission Street
Twenty Seventh Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
kyle.mach@mto.com

Glenn D. Pomerantz
Kuruvilla Olasa
MUNGER, TOLLES, & OLSON LLP
350 South Grand Avenue
Fiftieth Floor

Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (415) 512-4077
glenn.pomerantz@mto.com

*Counsel for Defendants-Appellants*

**RULE 27-1(2) STATEMENT**

Pursuant to Circuit Rule 27-1(2), Google has conferred with opposing counsel to determine their position on this motion.  Plaintiffs stated that they will respond to this motion after they have read it.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and 9th Circuit Rule 27-1 because it contains 976 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on August 29, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Neal Kumar Katyal
Neal Kumar Katyal