No. 23-15285

In The
# United States Court of Appeals for the Ninth Circuit

In re Google Play Store Antitrust Litigation

Mary Carr, et al. v. Google LLC, et al.

Interlocutory Appeal from the
United States District Court for the Northern District of California
No. 21-md-2981; No. 20-cv-5761
District Judge James Donato

**APPELLANTS' UNOPPOSED MOTION TO VOLUNTARILY DISMISS UNDER FEDERAL RULE OF APPELLATE PROCEDURE 42(b)**

Katherine B. Wellington
Hogan Lovells US LLP
125 High St., Suite 2010
Boston, MA 02110

Neal Kumar Katyal
Jessica L. Ellsworth
Hogan Lovells US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

*Counsel for Defendants-Appellants*

September 18, 2023

*(Additional Counsel Listed on Signature Page)*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Defendants-Appellants state as follows:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Payment Corp. is a subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Google Commerce Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Ireland Limited is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Google Asia Pacific Pte. Ltd. is an indirect subsidiary of Google LLC. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.,

a publicly traded company; no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

ii

This case is an interlocutory appeal of a class certification order. Two weeks prior to the September 11, 2023, scheduled oral argument in this case, the District Court issued an order granting Google's motion to exclude from trial the precise injury and damages model on which the class certification order was based. ECF 588.[1] The District Court also issued a second order at the same time addressing decertification, in which it stated that it would vacate the class certification order but lacked jurisdiction to do so because of the pending appeal. ECF 589. Google therefore requested from this Court a limited remand for the purpose of allowing the District Court to vacate the certification order. This Court granted Google's motion and issued a limited remand. CA9 ECF 123 at 3.

The District Court has now entered an order formally vacating the class certification order. Exhibit 1, ECF 604 at 1 ("The order granting certification is consequently vacated, and the consumer class is decertified."). Because the District Court's decertification order moots this interlocutory appeal of the class certification, Google has consulted with counsel for Plaintiffs, and the parties agree to voluntary dismissal of this appeal under Federal Rule of Appellate Procedure 42(b). The parties agree that each side shall bear its own costs and court fees in connection with this appeal, and all fees due to the Court have been paid.

---

[1] Unless otherwise specified, ECF references are to the multidistrict litigation docket, No. 3:21-md-02981-JD (N.D. Cal.).

Google has previously filed a motion to maintain the seal in this Court on small amounts of material in the Appellees' response brief and excerpts of record. CA9 ECF 117. That motion remains pending. Although the appeal itself is moot, Google's request to maintain the seal on specific, limited materials filed in this Court is not. Those highly sensitive, confidential materials should not be made public, and this Court should thus issue a ruling on Google's motion to maintain the seal on those materials. Plaintiffs did not file an opposition to Google's sealing motion, and the public's interest in disclosure of the information involved in Google's motion is further diminished now that there no live controversy remains on the merits.[2]

Accordingly, Google respectfully seeks the following relief:

First, Google requests that the Court grant its pending motion to seal certain information contained in Appellees' response brief and supplemental excerpts of record. CA9 ECF 117.

Second, Google requests that the Court enter an order dismissing this appeal as provided by Federal Rule of Appellate Procedure 42(b).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court grant its pending motion to seal and then enter an order dismissing this appeal.

---

[2] After this Court's remand order, the parties announced that they have reached an agreement in principle to settle this case.

2

|  |  |
|---|---|
|  | Respectfully submitted, |
| September 18, 2023 | /s/ Neal Kumar Katyal |
| Katherine B. Wellington<br>HOGAN LOVELLS US LLP<br>125 High St., Suite 2010<br>Boston, MA 02110<br>Telephone: (617) 702-7745<br>Facsimile: (617) 371-1037<br>katherine.wellington@hoganlovells.com | Neal Kumar Katyal<br>Jessica L. Ellsworth<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>neal.katyal@hoganlovells.com |
| Brian C. Rocca<br>Sujal J. Shah<br>Michelle Park Chiu<br>Minna Lo Naranjo<br>Rishi P. Satia<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br>brian.rocca@morganlewis.com | Kyle W. Mach<br>Justin P. Raphael<br>Emily C. Curran-Huberty<br>MUNGER, TOLLES, & OLSON LLP<br>560 Mission Street<br>Twenty Seventh Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>kyle.mach@mto.com |
| Richard S. Taffet<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>richard.taffet@morganlewis.com | Glenn D. Pomerantz<br>Kuruvilla Olasa<br>MUNGER, TOLLES, & OLSON LLP<br>350 South Grand Avenue<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 683-9100<br>Facsimile: (415) 512-4077<br>glenn.pomerantz@mto.com |

*Counsel for Defendants-Appellants*

## RULE 27-1(2) STATEMENT

Pursuant to Circuit Rule 27-1(2), Google has conferred with opposing counsel to determine their position on this motion. Plaintiffs do not oppose the relief requested in this motion.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and 9th Circuit Rule 27-1 because it contains 465 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on September 18, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Neal Kumar Katyal
Neal Kumar Katyal

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | MDL Case No. 21-md-02981-JD<br>Member Case No. 20-cv-05761-JD<br><br>**ORDER RE DECERTIFICATION OF CONSUMER CLASS** |
|---|---|

In the consumer plaintiffs' case, *In re Google Play Consumer Antitrust Litigation*, Case No. 20-cv-05761-JD, the Court certified a class under Federal Rule of Civil Procedure 23(b)(3), and denied Google's motion to exclude Dr. Singer's testimony under Federal Rule of Evidence 702. Dkt. No. 383. This was because the record at the certification stage supported those decisions. *See id*.

That is no longer the case. Based on new developments in the record, the Court has now excluded Dr. Singer's pass-through formula and his opinions based on the application of that formula in this litigation. *See* Dkt. No. 588.

The same pass-through formula was an essential element of the consumer plaintiffs' argument in support of certification. *See* Dkt. No. 383. The order granting certification is consequently vacated, and the consumer class is decertified. *See City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). The parties' associated sealing motion, Dkt. No. 324, is terminated as moot.

**IT IS SO ORDERED.**

Dated: September 13, 2023

JAMES DONATO
United States District Judge